IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NUMBER: 3:18-CR-30141 MJR |
| | ) | |
| vs. | ) | 18 U.S.C. §§ 1956(h) |
| | ) | 18 U.S.C. §§ 1956(a)(2)(A) |
| MELISSA SCANLAN, | ) | 21 U.S.C. § 841(b)(1)(A)(vi) |
| a/k/a "TheDrugLlama," and | ) | 21 U.S.C. § 841(b)(1)(C) |
| BRANDON ARIAS | ) | 21 U.S.C. § 846 |
| a/k/a "TheDrugLlama," | ) | |
| Defendants. | ) | |

**SUPERSEDING INDICTMENT**

The Grand Jury charges:

**COUNT 1**
**Conspiracy to Distribute Fentanyl**

From an unknown date but at least on or about October 1, 2016, and continuing until on or about August 2, 2018, in Madison County, Illinois, within the Southern District of Illinois, and elsewhere,

**MELISSA SCANLAN, a/k/a "TheDrugLlama," and**
**BRANDON ARIAS, a/k/a "TheDrugLlama,"**

defendants herein, did conspire and agree with others, both known and unknown to the grand jury, to knowingly and intentionally distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known to as fentanyl, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi). All in violation of Title 21, United States Code, Section 846.

The total amount of fentanyl, a Schedule II Controlled Substance, involved in the conspiracy that was reasonably foreseeable to **MELISSA SCANLAN, a/k/a "TheDrugLlama,"** and **BRANDON ARIAS, a/k/a "TheDrugLlama,"** was 400 grams or more of a *mixture or substance* containing a detectable amount of fentanyl.

1

## COUNT 2
### Distribution of Fentanyl

On or about April 30, 2018, in Madison County, Illinois, within the Southern District of Illinois,

**MELISSA SCANLAN, a/k/a "TheDrugLlama," and
BRANDON ARIAS, a/k/a "TheDrugLlama,"**

defendants herein, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II Controlled Substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(c), and *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946) (Pinkerton Liability).

## COUNT 3
### Distribution of Fentanyl

On or about June 4, 2018, in Madison County, Illinois, within the Southern District of Illinois,

**MELISSA SCANLAN, a/k/a "TheDrugLlama," and
BRANDON ARIAS, a/k/a "TheDrugLlama,"**

defendants herein, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II Controlled Substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(c), and *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946) (Pinkerton Liability).

## COUNT 4
### Distribution of Fentanyl

On or about July 3, 2018, in Madison County, Illinois, within the Southern District of Illinois,

**MELISSA SCANLAN, a/k/a "TheDrugLlama," and
BRANDON ARIAS, a/k/a "TheDrugLlama,"**

defendants herein, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II Controlled Substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(c), and *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946) (Pinkerton Liability).

## COUNT 5
### Distribution of Fentanyl

On or about July 24, 2018, in Madison County, Illinois, within the Southern District of Illinois,

**MELISSA SCANLAN, a/k/a "TheDrugLlama," and
BRANDON ARIAS, a/k/a "TheDrugLlama,"**

defendants herein, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II Controlled Substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(c), and *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946) (Pinkerton Liability).

## COUNT 6
### Distribution of Fentanyl

On or about July 30, 2018, in Madison County, Illinois, within the Southern District of Illinois,

**MELISSA SCANLAN, a/k/a "TheDrugLlama," and
BRANDON ARIAS, a/k/a "TheDrugLlama,"**

defendants herein, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly

3

known as fentanyl, a Schedule II Controlled Substance. All in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(1)(c), and *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946) (Pinkerton Liability).

## COUNT 7
### Sale of Counterfeit Drugs

From an unknown date but at least on or about October 1, 2016, and continuing until on or about August 2, 2018, in Madison County, Illinois, within the Southern District of Illinois, and elsewhere,

**MELISSA SCANLAN, a/k/a "TheDrugLlama," and
BRANDON ARIAS, a/k/a "TheDrugLlama,"**

defendants herein, did, with intent to defraud and mislead, and without authorization from Mallinckrodt Pharmaceuticals, sell, dispense, and hold for sale and dispensing Mallinckrodt Oxycodone HCl 30 mg tablets embossed on one side of each tablet with the letter "M," and on the other side of each tablet, the number "30," which drugs were not manufactured by or under the authorization of Mallinckrodt Pharmaceuticals, thereby causing the oxycodone tablets to be counterfeit drugs, as defined in Title 21, United States Code, Section 321 (g)(2), all in violation of Title 21, United States Code, Section and 331(i)(3), and *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946) (Pinkerton Liability).

## COUNT 8
### Misbranding of Drugs

On or about April 24, 2018, in Madison County, Illinois, within the Southern District of Illinois, and elsewhere,

**MELISSA SCANLAN, a/k/a "TheDrugLlama," and
BRANDON ARIAS, a/k/a "TheDrugLlama,"**

defendants herein, did, with intent to defraud and mislead, introduce into interstate commerce a drug – specifically, Cytotec – that was misbranded within the meaning of 21 U.S.C. 352(f)(1) in

4

that its labeling failed to bear adequate directions for use and within the meaning of 21 U.S.C. 352(f)(2) in that its labeling failed to bear adequate warnings, in violation of 21 U.S.C. 331(a) and 333(a)(2), and *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946) (Pinkerton Liability).

## COUNT 9
### International Money Laundering Conspiracy

From an unknown date but at least on or about July 30, 2017, and continuing until on or about August 2, 2018, in Madison County, Illinois, within the Southern District of Illinois, and elsewhere,

**MELISSA SCANLAN, a/k/a "TheDrugLlama,"**

defendant herein, did knowingly combine, conspire, and agree with other persons, both known and unknown to the grand jury, to transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States, that is, Mexico, with the intent to promote the carrying on of a specified unlawful activity, that is, the unlawful distribution of fentanyl, in violation of Title 18, United States Code, Section 1956(a)(2)(A). All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts One through Nine of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

2. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, defendant, **MELISSA SCANLAN, a/k/a "TheDrugLlama," and BRANDON ARIAS, a/k/a "TheDrugLlama,"** shall forfeit to the United States of America any property, real or personal, involved in such offense,

and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

    (a)    A forfeiture money judgment in an amount that represents the proceeds obtained or derived by defendant, **MELISSA SCANLAN, a/k/a "TheDrugLlama,"** from the scheme in Count Nine.

3.     **Substitute Assets**: If any of the property described above, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;
    (b)    had been transferred or sold to, or deposited with, a third party;
    (c)    has been placed beyond the jurisdiction of the court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c). All in violation of Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

**A TRUE BILL**

_____
DEREK WISEMAN
Assistant United States Attorney

_____
STEVEN WEINHOEFT
United States Attorney

Recommended Bond: Detention

6