IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRANDON ARIAS,<br><br>    Defendant. | Case No. 18-cr-30141-NJR-2 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release under the First Step Act filed *pro se* by Defendant Brandon Arias. (Doc. 84). Arias asks the Court to reduce his sentence to time-served, pursuant to 18 U.S.C. § 3582(c)(1)(A), due to the COVID-19 pandemic, his health conditions, and the conditions of his prison. For the reasons set forth below, the Court denies the motion.

### BACKGROUND

On November 5, 2019, Brandon Arias was sentenced to 108 months in prison for the knowing distribution of fentanyl and acetyl fentanyl. (Doc. 56, p. 1; Doc. 58, p. 1). He now moves for compassionate release because there are structural flaws with his correctional institution that make it impossible to be reasonably safe from exposure to COVID-19. (*Id.* at p. 2). For example, he is housed in a "range" with about 120 other inmates and the single soap dispenser has not been filled in weeks. (*Id.*). Arias also states that he tested positive for COVID-19. (*Id.*). Although he has since recovered, he claims to still suffer from shortness of breath that was not present before he contracted COVID-19, and he worries that it will

become a permanent issue. (*Id.* at p. 3). Finally, Arias argues that society will be better served by his release rather than his continued confinement, as he would join the workforce and provide for his son.

In response to his motion, the Government has filed a motion to dismiss, arguing that Arias has not provided any substantial argument as to why the Court should exercise its discretion under the compassionate release statute. (Doc. 89). Furthermore, while Arias claims he submitted a "cop out" letter to the Warden, the Bureau of Prisons' records indicate Arias never submitted any such request. Therefore, Arias has no proof that he exhausted his administrative remedies prior to filing his motion. (*Id.*).

## THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *Id.*

Once a motion is filed, the Court may reduce a term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy

statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

## DISCUSSION

A defendant seeking compassionate release must first exhaust administrative remedies. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). "[T]he exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that a court must enforce if the government raises it." *United States v. Millbrook*, 840 F. App'x 25, 26 (7th Cir. 2021) (citing *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021)). "The purpose of this requirement is to allow the Bureau an opportunity to evaluate issues before they are brought to federal court." *United States v. Link*, 841 F. App'x 1013, 1015 (7th Cir. 2021) (citing *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021)).

Here, Arias claims he sent a "cop out" addressed to the Warden, presumably requesting compassionate release, but that he never received a response. He has not, however, provided any evidence to support his claims. And, according to the Government, the BOP has no record of any such request. Because Arias has failed to prove he exhausted his administrative remedies, his motion must be denied.

Even if Arias had exhausted his administrative remedies, he still would not be entitled to compassionate release. Under Application Note 1(A)(ii), extraordinary and compelling reasons for reducing a sentence exist when the defendant is presently suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover.

Arias has not demonstrated that he suffers from any such condition. While he claims to have had COVID-19 and has lingering symptoms including shortness of breath, he has provided no medical records to support his claims. Nor would shortness of breath, on its own, constitute an extraordinary and compelling reason for reducing his sentence. Without any documentation of a serious medical condition warranting compassionate release, his request must be denied.

## CONCLUSION

The Motion to Dismiss filed by the United States of America (Doc. 89) is **GRANTED**, and the *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Brandon Arias (Doc. 84) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

DATED:  May 18, 2021

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**